UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR OMAR FRANCO-MELENDEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 1:11-CR-191 AWI<br>(1:12-CV-1280 AWI)<br><br>ORDER ON PETITIONER'S MOTION TO VACATE AND MOTION TO CLARIFY |

Petitioner Victor Franco-Melendez challenges his sentence through this petition to set aside or vacate under 28 U.S.C. § 2255.

On September 9, 2011, Petitioner entered into a plea agreement in which he agreed to plead guilty to violation of 8 U.S.C. §§ 1326(a) and (b)(2), deported alien found in the United States. See Crim. Doc. No. 11. As part of the plea agreement, Petitioner agreed not to challenge his plea, conviction, or sentence through a direct appeal or thorough post-conviction proceedings such a § 2255 petition. See id. at ¶ 4(f). On September 12, 2011, after the appropriate admonishments, Petitioner waived his trial rights, confirmed that the plea was knowingly and voluntarily made, and pled guilty in open court. See Doc. Nos. 12, 16. Petitioner's plea was accepted, and Petitioner was sentenced to 46 months confinement the same day. See Doc. No. 12. Judgment and commitment were entered on September 14, 2011. See Doc. No. 13.

On August 6, 2012, Petitioner filed this § 2255 petition to amend/vacate sentence. Petitioner moves to reduce his sentence in light of an August 2011 Fourth Circuit case, *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

On August 15, 2013, Petitioner filed a motion to clarify the status of his motion to set aside.

*Legal Standard*

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996); United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989). Mere conclusory statements or statements that are inherently incredible in a § 2255 motion are insufficient to require a hearing. United States v. Howard, 381 F.3d 873, 877, 879 (9th Cir. 2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980). While a petitioner is not required to allege facts in detail, he "must make factual allegations." Hearst, 638 F.2d at 1194. Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. Howard, 381 F.3d at 877.

*Discussion*

After considering Petitioner's petition, the Court concludes that relief is not warranted. First, Petitioner signed a plea agreement in which he expressly agreed that he would not challenge his sentence through a § 2255 motion. See Crim. Doc. No. 11 at ¶ 4(f). Plea agreements will be enforced as long as they are unambiguous and voluntarily made. See United States v. Jeronimo, 398 F.3d 1149, 1153-54 (9th Cir. 2005); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). Petitioner does not address the plea agreement or argue that the agreement was

involuntary, and the language of the plea agreement is clear.  See id.  Further, the transcript of the plea and sentencing hearing indicates that Petitioner's plea was knowingly and voluntarily made, and that Petitioner specifically had no objections to the pre-sentence report or the recommendation of a 46 month prison term.  See Doc. No. 17.  The plea agreement precludes the relief that Petitioner seeks.  See Jeronimo, 398 F.3d at 1153-54; Abarca, 985 F.2d at 1014.  Second, there is no indication that Petitioner appealed his sentence and a "petitioner may not collaterally attack a sentence under § 2255 if he did not challenge it at sentencing or on a direct appeal."  Johnson v. United States, 362 F.3d 636, 638 (9th Cir. 2004).  A review of the sentencing transcript shows that there was no challenge to the sentence imposed, and the docket reflects that no appeal was taken.  Third, the *Simmons* case cited by Petitioner is not intervening authority.  It is not a Ninth Circuit case, and it was filed one month before Petitioner pled guilty.

For these reasons, the Court will decline to hold an evidentiary hearing and will deny Petitioner's petition.  Because this resolves Petitioner's petition to amend, Petitioner's motion to clarify is now moot.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's 28 U.S.C. § 2255 (Crim. Doc. No. 14) petition is DENIED;
2. Petitioner's motion to clarify (Crim. Doc. No. 15) is DENIED as moot; and
3. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   April 7, 2014                              _____
                                                    SENIOR DISTRICT JUDGE

3